**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera (SBN 192390)
Jason Y. Chao (SBN 250735)
650 Town Center Drive, Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
jchao@aguileragroup.com
alg@aguileragroup.com

Attorneys for Plaintiffs, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and UNITED STATES FIDELITY AND GUARANTY COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; and UNITED STATES FIDELITY AND GUARANTY COMPANY, an Iowa corporation;<br><br>    Plaintiffs,<br>    v.<br><br>K. HOVNANIAN COMPANIES OF CALIFORNIA, INC., a California corporation; THOMPSON RANCH JOINT DEVELOPMENT, LLC, a Delaware limited liability company; K. HOVNANIAN AT THOMPSON RANCH, LLC, a California limited liability company; THOMPSON RANCH CO., LP, a California limited partnership; THOMPSON RANCH-SANTA CLARITA, LLC, a California limited liability company; KELLY-THOMPSON RANCH, LLC, a California limited liability company; and | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br>**(2) BREACH OF CONTRACT; and**<br>**(3) EQUITABLE REIMBURSEMENT** |

| | |
|---|---|
| 1 | DOES 1 through 100 inclusive,    ) |
| 2 |                                  ) |
|   |        Defendant.                ) |
| 3 | _____) |

For its claims against Defendants K. HOVNANIAN COMPANIES OF CALIFORNIA, INC.; THOMPSON RANCH JOINT DEVELOPMENT, LLC; K. HOVNANIAN AT THOMPSON RANCH, LLC; THOMPSON RANCH CO., LP; THOMPSON RANCH-SANTA CLARITA, LLC; KELLY-THOMPSON RANCH, LLC, (hereinafter collectively referred to as "K. HOVNANIAN" or "Defendants") and Does 1 through 100, Plaintiffs THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and UNITED STATES FIDELITY AND GUARANTY COMPANY (hereinafter collectively referred to as "TRAVELERS" or "Plaintiffs") allege as follows:

## JURISDICTION

1. Plaintiff THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("TICC") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TICC is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TPCCA") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TPCCA is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3. Plaintiff UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G") is now, and at all relevant times was, a corporation, existing under the laws of the State of Maryland, with its principal place of business in Minnesota. USF&G is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State

of California.

4. Plaintiffs are informed and believe and thereon allege that Defendant K. HOVNANIAN COMPANIES OF CALIFORNIA, INC., is a corporation existing under the laws of the State of California, with its principal place of business located in the State of New Jersey. Plaintiffs are further informed and believe and thereon allege that K. HOVNANIAN is, and at all times relevant was, a home builder doing business in the State of California.

5. Plaintiffs are informed and believe and thereon allege that Defendant THOMPSON RANCH JOINT DEVELOPMENT, LLC. is a limited liability company existing under the laws of the State of Delaware, with its principal place of business located in the State of California. Plaintiffs are further informed and believe and thereon allege that THOMPSON RANCH JOINT DEVELOPMENT, LLC. is, and at all times relevant was, doing business in the State of California.

6. Plaintiffs are informed and believe and thereon allege that Defendant K. HOVNANIAN AT THOMPSON RANCH, LLC is a limited liability company existing under the laws of the State of California, with its principal place of business located in the State of California. Plaintiffs are further informed and believe and thereon allege that K. HOVNANIAN AT THOMPSON RANCH, LLC is, and at all times relevant was, doing business in the State of California.

7. Plaintiffs are informed and believe and thereon allege that Defendant THOMPSON RANCH CO., LP, is a limited partnership existing under the laws of the State of California, with its principal place of business located in the State of California. Plaintiffs are further informed and believe and thereon allege that THOMPSON RANCH CO., LP is, and at all times relevant was, doing business in the State of California.

8. Plaintiffs are informed and believe and thereon allege that Defendant KELLY-THOMPSON RANCH, LLC, is a limited liability company existing under the laws of the State of California, with its principal place of business located in the State of California. Plaintiffs are further informed and believe and thereon allege that KELLY-THOMPSON

RANCH, LLC is, and at all times relevant was, doing business in the State of California.

9. Plaintiffs are informed and believe and thereon allege that Defendant THOMPSON RANCH-SANTA CLARITA, LLC is a limited liability company existing under the laws of the State of California, with its principal place of business located in the State of California. Plaintiffs are further informed and believe and thereon allege that THOMPSON RANCH-SANTA CLARITA, LLC is, and at all times relevant was, doing business in the State of California.

10. Defendants sued herein as DOES 1 through 100, inclusive, are sued herein by such fictitious names because Plaintiffs are unaware of the true names and capacities of said DOE defendants. Plaintiffs will amend this Complaint to reflect the true names when the same are ascertained. Plaintiffs are informed and believe and thereon allege that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action. All Defendants, including DOES 1 through 100 are hereinafter collectively referred to as "K. HOVNANIAN".

11. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $75,000 and represents fees and costs sought by K. HOVNANIAN from Plaintiffs in connection with its defense and/or indemnification in the Underlying Action. This Court has diversity jurisdiction as Plaintiffs are domiciled in Connecticut and Maryland and the Defendants are domiciled in California and Delaware.

## **VENUE**

12. Plaintiffs are informed and believe and thereon allege that this Court has personal jurisdiction over the Defendants, and each of them, as they are, at all relevant times hereinafter mentioned, homebuilders incorporated, headquartered and/or engaged in the business of residential home construction and development in the State of California. Moreover, venue is proper as the Underlying Action is either currently pending or was litigated within this district.

# GENERAL ALLEGATIONS

### A. The Urban Arena Policies

13. TRAVELERS issued the following commercial general liability policies numbers under which Urban Arena, LLC was a named insured:

BK01258179 (effective 12/03/04 to 12/3/05)
BK01258179 (effective 12/03/05 to 12/3/06
BK02210924 (effective 12/03/06 to 7/12/07)
680-2778L300-TCT-07 (effective 7/12/07 to 7/12/08)
680-2778L300-TIL-08 (effective 7/12/08 to 7/12/09)
680-2778L300-TIL-09 (effective 7/12/09 to 7/12/10)
680-2778L300-TIL-10 (effective 7/12/10 to 7/12/11)
680-2778L300-TCT-11 (effective 7/12/11 to 7/12/12)
680-2778L300-TCT-12 (effective 7/12/12 to 7/12/13)
680-2778L300-TCT-13 (effective 7/12/13 to 7/12/14)
680-2778L300-TIL-14 (effective 7/12/14 to 7/12/15)
680-2778L300-TIL-15 (effective 7/12/15 to 7/12/16)
680-2H026872-TIL-16 (effective 5/18/16 to 5/18/17)

(hereinafter referred to collectively as the "Urban Arena Policies").

14. Under the terms of the Urban Arena Policies, TRAVELERS was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the Urban Arena Policies, the insured and additional insureds are mandated to cooperate with TRAVELERS with regard to all aspects of its coverage, including any defense afforded under the policy. The Urban Arena Policies specifically provide in part as follows:

**SECTION I – COVERAGE**

**A. Liability**
**1. Insuring Agreement.**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

15. The Urban Arena Policies further require that in the event of an occurrence, offense, claim or suit, any insured must "[c]ooperate with and, when requested, assist us in …(4) Taking other reasonable steps to help us investigate or settle a claim or 'suit' or defend any insured against a 'suit.' "

16. In addition, the Urban Arena Policies provide that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any financial obligation, or incur any expense, other than that for first aid given to other persons at the time of an accident, without our consent."

### B. The Underlying Action And The Appointment of Counsel

17. On or about July 22, 2016, the Stetson Ranch Community Association, the governing body for Stetson Ranch, a residential community in Santa Clarita, California, served a Notice of Claim pursuant to Civil Code Section 895, et seq. on K. HOVNANIAN ("Underlying Action").

18. On or about August 31, 2016, K. HOVNANIAN, by and through its legal representative, the law firm of Collinsworth, Specht, Calkins & Giampoli, LLC (the "Collinsworth Firm"), tendered the Underlying Action to TRAVELERS as an additional insured under the Urban Arena Policies.

19. On or about September 27, 2016, TRAVELERS acknowledged receipt of the notice and sent correspondence to K. HOVNANIAN requesting additional documents necessary to make a coverage determination. K. HOVNANIAN provided additional supporting documents on September 29, 2016, and September 30, 2016.

20. After reviewing the supporting documents and completing its additional necessary investigation, on January 31, 2017, TRAVELERS sent correspondence to K. HOVNANIAN advising it that, subject to a reservation of rights, TRAVELERS agreed to defend K. HOVNANIAN in the Underlying Action under the Urban Arena Policies. At that time, TRAVELERS asserted its right to retain counsel of its choosing and advised K. HOVNANIAN that it was retaining David Lee of the law firm Lee, Hernandez, Landrum, Garofalo ("Lee Firm") to represent and defend K. HOVNANIAN in the Underlying Action.

21. However, K. HOVNANIAN did not permit the Lee Firm to associate into the matter.

22. Additionally, Hearthstone, a member of Defendant THOMPSON RANCH JOINT DEVELOPMENT, LLC, objected to the appointment of the Lee Firm and alleged a conflict of interest between Defendant THOMPSON RANCH JOINT DEVELOPMENT, LLC. and the Lee Firm.

23. No conflicts of interest in fact exist between any of the Defendants and the Lee Firm.

24. This refusal to allow TRAVELERS to defend K. HOVNANIAN through counsel of its choosing is a material breach of the Urban Arena Policies.

25. In a further attempt to exercise its right to control the defense, TRAVELERS appointed Joseph Potocki of Balestreri Potocki Holmes ("Balestreri Firm") to represent K. HOVNANIAN in the Underlying Action.

26. However, K. HOVNANIAN did not permit the Balestreri Firm to associate into the matter.

27. Additionally, Hearthstone, a member of Defendant THOMPSON RANCH JOINT DEVELOPMENT, LLC, objected to the appointment of the Balestreri Firm and alleged a conflict of interest between Defendant THOMPSON RANCH JOINT DEVELOPMENT, LLC. and the Balestreri Firm.

28. No conflicts of interest in fact exist between any of the Defendants and the Balestreri Firm.

29. This additional refusal to allow TRAVELERS to defend K. HOVNANIAN through counsel of its choosing is a second material breach of the Urban Arena Policies.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### Count One

### (By Plaintiff TRAVELERS Against All Defendants)

30. TRAVELERS hereby re-alleges and incorporates by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth

herein.

31. An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS, on the one hand, and the Defendant K. HOVNANIAN on the other, concerning TRAVELERS' rights, duties, and obligations under the Urban Arena Policies.

32. Specifically, TRAVELERS contends and is informed and believes that K. HOVNANIAN disputes the following:

    a. TRAVELERS contends that under the Urban Arena Policies, it has the right to control the defense of Defendant K. HOVNANIAN in the Underlying Action and therefore, has the right to appoint counsel of its own choosing in the action.

    b. TRAVELERS also contends that Defendant K. HOVNANIAN is not entitled to the appointment of independent counsel under California Civil Code § 2860 in the Underlying Action.

    c. TRAVELERS also contends that Defendant K. HOVNANIAN's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel in the Underlying Action and its insistence that TRAVELERS continue to pay the fees and costs of its tendering counsel is a breach of its duty to cooperate under the Urban Arena Policies, and therefore K. HOVNANIAN is not entitled to coverage under the policies.

    d. In addition, TRAVELERS contends that pursuant to the no-voluntary payments clause in the Urban Design Policies, TRAVELERS is not obligated to pay any fees and costs incurred by K. HOVNANIAN's tendering counsel subsequent to the date that TRAVELERS initially appointed counsel of its choosing in the Underlying Action.

33. TRAVELERS has no complete and adequate remedy at law to resolve these disputes. TRAVELERS seeks a judicial resolution of the controversy and a declaration of the following: (1) that TRAVELERS has the right to control the defense of K. HOVNANIAN in the Underlying Action; (2) that Defendant K. HOVNANIAN is not

entitled to the appointment of independent counsel under California Civil Code § 2860 in the Underlying Action; (3) that Defendant K. HOVNANIAN's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel and its insistence that TRAVELERS continue to pay fees and costs of its tendering counsel is a breach of its duty to cooperate under the Urban Design Policies, and therefore K. HOVNANIAN is not entitled to coverage under the policies for the Underlying Action; and (4) that pursuant to the no-voluntary payments clause in the Urban Design Policies, TRAVELERS is not obligated to pay any fees and costs incurred by K. HOVNANIAN's tendering counsel subsequent to the date that TRAVELERS initially appointed counsel of its choosing in the Underlying Action.

34.   By reason of the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations as between TRAVELERS and K. HOVNANIAN may be determined under the provisions of the applicable policies of insurance.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

### Count One

### (By Plaintiffs Against All Defendants)

35.   Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

36.   Under the terms of the Urban Arena Policies, TRAVELERS maintains the right to control the defense of its insured and any additional insureds, including the defense of K. HOVNANIAN, and said insureds have a mandated duty to cooperate with TRAVELERS with regard to all aspects of coverage, including any defense afforded under the policies.

37.   TRAVELERS has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Urban Arena Policies. K. HOVNANIAN has breached the Urban Arena Policies by refusing to allow the Lee Firm to represent it in the Underlying Action, breaching its duty to cooperate pursuant

to the terms of the policies by refusing to acknowledge that TRAVELERS has the right to control the defense and select counsel in the Underlying Action and by insisting that TRAVELERS continue to pay the fees and costs of K. HOVNANIAN's tendering counsel. Said breaches have substantially prejudiced TRAVELERS' ability to provide K. HOVNANIAN with a defense, thereby relieving TRAVELERS of its obligations under the Urban Arena Policies.

38.  As a result of K. HOVNANIAN's breach of the Urban Arena Policies, TRAVELERS has been damaged in the amount of all defense fees and costs it has paid and will pay on behalf of K. HOVNANIAN in defense of the Underlying Action, in a sum according to proof at trial, including but not limited to a denial of policy benefits.

## Count Two

### (By Plaintiffs Against All Defendants)

39.  Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

40.  Under the terms of the Urban Arena Policies, TRAVELERS maintains the right to control the defense of its insured and any additional insureds, including the defense of K. HOVNANIAN, and said insureds have a mandated duty to cooperate with TRAVELERS with regard to all aspects of coverage, including any defense afforded under the policies.

41.  TRAVELERS has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Urban Arena Policies. K. HOVNANIAN has breached the Urban Arena Policies by refusing to allow the Balestreri Firm to represent it in the Underlying Action, breaching its duty to cooperate pursuant to the terms of the policies by refusing to acknowledge that TRAVELERS has the right to control the defense and select counsel in the Underlying Action and by insisting that TRAVELERS continue to pay the fees and costs of K. HOVNANIAN's tendering counsel. Said breaches have substantially prejudiced TRAVELERS' ability to provide K. HOVNANIAN with a defense, thereby relieving TRAVELERS of its obligations under the

Urban Arena Policies.

42. As a result of K. HOVNANIAN's breach of the Urban Arena Policies, TRAVELERS has been damaged in the amount of all defense fees and costs it has paid and will pay on behalf of K. HOVNANIAN in defense of the Underlying Action, in a sum according to proof at trial, including but not limited to a denial of policy benefits.

## THIRD CAUSE OF ACTION FOR EQUITABLE REIMBURSEMENT

### (By Plaintiffs Against All Defendants)

43. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

44. TRAVELERS has paid defense fees and costs incurred by K. HOVNANIAN in defense of the Underlying Action. TRAVELERS did not pay these sums as a volunteer. When TRAVELERS agreed to participate in K. HOVNANIAN's defense, it reserved its rights to seek reimbursement from K. HOVNANIAN of any defense related payments that it may make that are not potentially covered under the applicable insurance policies.

45. As a result of K. HOVNANIAN's breach of the Urban Arena Policies set forth above, TRAVELERS' duty to defend K. HOVNANIAN has now ceased and any payments made to K. HOVNANIAN for fees incurred from the date of tender until the date of K. HOVNANIAN's breach constitute an entire defense.

46. Plaintiffs' insurance policies require that it defend and indemnify only those claims covered under its policies. To the extent that Plaintiffs paid fees or costs incurred by or on behalf of Defendant K. HOVNANIAN in connection with the Underlying Action, which fees or costs are not potentially covered under the Urban Arena Policies, Defendant K. HOVNANIAN will have been unjustly enriched by such payments.

47. As a result of Defendant K. HOVNANIAN's unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of TRAVELERS in the amount paid for the defense of claims not potentially covered under the Urban Arena Policies, plus interest. The precise amount of the reimbursement that is appropriate will be subject to proof at trial.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a declaration of this Court of the following: (1) that TRAVELERS has the right to control the defense of K. HOVNANIAN in the Underlying Action; (2) that K. HOVNANIAN is not entitled to the appointment of independent counsel under California Civil Code § 2860 in the Underlying Action; (3) that Defendant K. HOVNANIAN's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel and its insistence that TRAVELERS continue to pay fees and costs of its tendering counsel is a breach of its duty to cooperate under the Urban Arena Policies, and therefore K. HOVNANIAN is not entitled to coverage under the policies for the Underlying Action; and (4) that pursuant to the no-voluntary payments clause in the Urban Arena Policies, TRAVELERS is not obligated to pay any fees and costs incurred by K. HOVNANIAN's tendering counsel subsequent to the date that TRAVELERS initially appointed counsel of its choosing in the Underlying Action.

2. For general damages in an amount to be proven at trial, but in no event less than $100,000;

3. For attorneys' fees and costs;

4. For prejudgment interest;

5. For costs of suit herein; and

6. For such other and further relief as this Court deems just and proper.

Dated: January 2, 2018        THE AGUILERA LAW GROUP, APLC

_____
A. Eric Aguilera, Esq.
Jason Y. Chao, Esq.
Attorneys for Plaintiffs, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and UNITED STATES FIDELITY AND GUARANTY COMPANY